**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alvin Whitehair,<br><br>        Plaintiff,<br><br>v.<br><br>Office of Navajo and Hopi Indian Relocation, an Administrative Agency of the United States,<br><br>        Defendant. | No. CV-17-8278-PCT-DGC<br><br>**ORDER** |

Plaintiff Alvin Whitehair, a member of the Navajo Nation, sought judicial review of the administrative decision by the Office of Navajo and Hopi Indian Relocation ("ONHIR") denying him relocation benefits under the Navajo-Hopi Settlement Act. Doc. 1. The parties filed motions for summary judgment, and the Court denied Plaintiff's motion in part and granted it in part, remanding for further proceedings. Doc. 20. Defendant filed a notice of appeal, but later dismissed it. Docs. 22-24.

Plaintiff now moves for attorneys' fees of $15,468.53 pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). Doc. 25. The motion is fully briefed. Docs. 28, 29. The Court will grant the motion.

**I.    Legal Standard.**

Under the EAJA, a court shall award to a prevailing party the attorneys' fees incurred by that party in any civil action brought against the United States, unless the

United States' position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A); *see also Decker v. Berryhill*, 856 F.3d 659, 663-64 (9th Cir. 2017). The government has the burden of showing that its position was substantially justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). "Substantially justified" means "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In other words, the government's position must have a "reasonable basis in both law and fact." *Id.* (quoting *Pierce*, 487 U.S. at 565). "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.* (quoting *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013)).

**II. Discussion.**

The full background and the parties' summary judgment arguments are set out in the Court's December 6, 2018 summary judgment ruling. *See* Doc. 20. In sum, Plaintiff, as a Navajo applicant for relocation benefits, had the burden to prove that he was (1) a legal resident of the Hopi Partitioned Lands on December 22, 1974, and (2) a head of household on or before July 7, 1986. 25 C.F.R. § 700.147. Only the second element was in dispute – a status which Plaintiff could prove by demonstrating that he "actually maintained and supported" himself. *See* Doc. 20 at 2, 7; *see also* 25 C.F.R. § 700.69(a)(2).

Plaintiff argued before the Hearing Officer that he satisfied the head-of-household element for several reasons, which the Officer ultimately rejected. The Officer accepted Plaintiff's testimony that he operated a vending machine business in 1985 and 1986, but rejected Plaintiff's purported income of $20,000 as unsupported by the evidence. The Hearing Officer stated specific and cogent reasons for his credibility determinations as to Plaintiff and Plaintiff's wife, and his findings were supported by the evidence, save one. The Officer's decision was legally flawed for failing to make specific findings about Plaintiff's likely income during 1985 and 1986 and whether Plaintiff actually maintained and supported himself on less income than he claimed to have earned. *Id.* at 9.

Plaintiff contends that an award of attorneys' fees is appropriate because the government's position was not substantially justified. Docs. 25, 29. The government argues that its position was substantially justified because the Court found in favor of the Hearing Officer's decision in all respects except one, citing the following findings from the summary judgment ruling. Docs. 28 at 4; 20 at 8-9. The Court found that the Hearing Officer provided specific, cogent reasons for discrediting Plaintiff's testimony about his income in 1985 and 1986; the determination that Plaintiff failed to corroborate or substantiate his income claims was not arbitrary and capricious; and the Officer's determination that Plaintiff's marriage after the relevant period did not provide a basis for head of household status was supported by the evidence. Doc. 20 at 5-7.

The sole issue before the Hearing Officer was whether Plaintiff qualified as a head of household on or before July 7, 1986. The Officer credited Plaintiff's testimony that he operated a vending machine business in 1985 and 1986, but rejected his estimated income. Yet the Officer made no findings about Plaintiff's likely income from that business, and he did not address whether Plaintiff otherwise maintained and supported himself with that income. The Court found this deficiency to be arbitrary and capricious because the Officer "entirely failed to consider an important aspect of the problem." *Id.* (quoting *O'Keeffe's, Inc. v. U.S. Consumer Prods. Safety Comm'n*, 92 F.3d 940, 942 (9th Cir. 1996)).

While "arbitrary and capricious conduct is not per se unreasonable," *Andrew v. Bowen*, 837 F.2d 875, 878 (9th Cir. 1988), the Ninth Circuit has repeatedly stated that when an agency's decision is unsupported by substantial evidence it is "a strong indication that the 'position of the United States' [is] not substantially justified," *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005); *see Meier*, 727 F.3d at 872. Indeed, the Ninth Circuit has stated that "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (internal quotations omitted). While the government is correct that the Court found in favor of the Hearing Officer's decision in all respects except one, the Officer's decision was

clearly legally flawed for failing to address the principal issue before him – whether Plaintiff maintained and supported himself with income from his vending machine business. The Court remanded for additional proceedings rather than simply reversing, but cannot conclude that the Hearing Officer's position had a "reasonable basis both in law and fact" when he determined, based on no factual findings, that Plaintiff failed to make a prima facie showing of self-support. *See Tobeler*, 749 F.3d at 832; Doc. 20 at 9.

The government urges the Court to find its position substantially justified because the Court "found multiple instances where the Agency's determination was appropriate, and the remand, in essence, addressed a singular insufficiency in the administrative order itself, not the substance of the decision." Doc. 28 at 5. This characterization is not accurate. While the Court disposed of all but one of Plaintiff's arguments on review, the Court remanded for additional proceedings on the dispositive issue – the amount of Plaintiff's earned income in 1985 and 1986, and whether Plaintiff actually maintained and supported himself as a head of household. *See* 25 C.F.R. §§ 700.147, 700.69(a)(2). This singular insufficiency went to the heart of Plaintiff's claim for benefits. The Court cannot conclude that the Hearing Officer's position was "justified to a degree that could satisfy a reasonable person" when he failed to make the necessary findings to assess Plaintiff's entitlement. *See Meier*, 727 F.3d at 872 (quoting *Pierce*, 487 U.S. at 565). Because "the government's underlying position was not substantially justified, [the Court] need not address whether the government's litigation position was justified." *Id.*

The government does not argue that the amount of fees Plaintiff seeks is inappropriate. Doc. 28.

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 25) is **granted**. Plaintiff is awarded $15,468.53 in attorneys' fees.

Dated this 19th day of June, 2019.

David G. Campbell
Senior United States District Judge

- 4 -